**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|                                   |     |                          |
| --------------------------------- | --- | ------------------------ |
| MARQUIS MAJAHAD REB-EL,           | :   |                          |
|                                   | :   |                          |
| Plaintiff,                        | :   | Civil No. 09-2692 (KSH)  |
|                                   | :   |                          |
| v.                                | :   |                          |
|                                   | :   |                          |
| STATE OF NEW JERSEY, et al.,      | :   | **MEMORANDUM AND ORDER** |
|                                   | :   |                          |
| Defendants.                       | :   |                          |

Plaintiff, Marquis Majahad Reb-El, a state inmate presently
confined at Delaney hall in Newark, New Jersey, at the time he
submitted this Complaint for filing, seeks to bring this civil
rights action under 42 U.S.C. § 1983, for alleged violations of
his constitutional rights.  Plaintiff failed to pay the $350.00
filing fee and did not submit a complete application to proceed
in forma pauperis, pursuant to  28 U.S.C. § 1915.

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-
134, 110 Stat. 1321 (April 26, 1996) (the "Act"), which amends 28
U.S.C. § 1915, establishes certain financial requirements for
prisoners who are attempting to bring a civil action or file an
appeal in forma pauperis.

Under the Act, a prisoner bringing a civil action in forma
pauperis must submit an affidavit, including a statement of all
assets, which states that the prisoner is unable to pay the fee.

1

28 U.S.C. § 1915(a)(1).  The prisoner also must submit a
certified copy of his inmate trust fund account statement for the
6-month period immediately preceding the filing of his complaint.
28 U.S.C. § 1915(a)(2).  The prisoner must obtain this statement
from the appropriate official of each prison or institutional
facility at which he was or is confined.  Id.

Even if the prisoner is granted in forma pauperis status,
the prisoner must pay the full amount of the $350 filing fee.  28
U.S.C. § 1915(b)(1).  In each month that the amount in the
prisoner's account exceeds $10.00, until the $350.00 filing fee
is paid, the agency having custody of the prisoner shall assess,
deduct from the prisoner's account, and forward to the Clerk of
the Court payment equal to 20% of the preceding month's income
credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint
that he must pay the filing fee, and that even if the full filing
fee, or any part of it, has been paid, the Court must dismiss the
case if it finds that the action is: (1) frivolous or malicious;
(2) fails to state a claim upon which relief may be granted; or
(3) seeks monetary relief against a defendant who is immune from
such relief.  28 U.S.C. § 1915(e)(2)(B).  If the Court dismisses
the case for any of these reasons, the Act does not permit the
prisoner to get his filing fee back.

2

If the prisoner has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

In this case, Plaintiff failed to either pay the $350.00 filing fee, or submit a complete in forma pauperis application as required by 28 U.S.C. § 1915(a)(1); in particular, Plaintiff failed to provide a complete in forma pauperis application that contains a signed certification from an authorized officer of the Delaney Hall, where plaintiff presently is confined, and his six-month institutional account statement, as prescribed under 28 U.S.C. § 1915(a)(2).

THEREFORE, it is on this _____ day of July, 2009;

ORDERED that Plaintiff's application to proceed in forma pauperis is hereby DENIED, without prejudice; and it is further

ORDERED that the Clerk of the Court shall supply to Plaintiff a blank form Application to Proceed In Forma Pauperis; and it is further

ORDERED that the Clerk of the Court shall administratively terminate this case, without filing the complaint or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the

3

statute of limitations time bar *if it was originally filed timely*, see Houston v. Lack, 487 U.S. 266 (1988)(prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995); and it is further

ORDERED that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, 402 East State Street, Trenton, New Jersey 08608, within 30 days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete in forma pauperis application, including an affidavit of indigence, **and** six-month prison account statement, signed and certified by an authorized officer of the institution where he is confined, or (2) the $350 filing fee; and it is further

ORDERED that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete in forma pauperis application or filing fee within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

KATHARINE S. HAYDEN
United States District Judge